IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESTERN FARMERS ELECTRIC COOPERATIVE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.:  CIV-15-864-D |
| STERLING PLANET, INC., | ) ) ) | On Removal from Caddo County, District Court Case No. CJ-15-54 |
| Defendant, | ) | |

**PLAINTIFF'S MOTION TO QUASH THE TWENTY-THREE SUBPEONAS OF DEFENDANT STERLING PLANET, INC., ISSUED TO PLAINTIFF'S CLIENTS/MEMBERS**

Plaintiff Western Farmers Electric Cooperative ("WFEC" or "Western Farmers") moves to quash or modify the subpoenas described by Defendant Sterling Planet, Inc.'s ("Sterling Planet" and/or "Defendant") *Notice of Fed. R. Civ. P.45 Subpoena for Documents* ("Subpoenas") [Doc. #34].  The Court should quash or modify Sterling Planet's Subpoenas to Rocky Ridge Wind Project, LLC, as the owner of the project in question, and to all WFEC's current distribution cooperative members, because such subpoenas are vexatious and unduly burdensome to these third parties who are unrelated to the breach of contract claim.

**BACKGROUND**

1.      WFEC is an Oklahoma rural electric cooperative corporation organized under Title 18 O.S. §§ 437.1 *et seq*., with its principal headquarters and principal place of

1

business in Anadarko, Caddo County, Oklahoma. WFEC was incorporated in 1941 under the Oklahoma Rural Electric Cooperative Act (18 O.S. §437.1 *et seq*) as a rural electric generating and transmission cooperative providing wholesale electric power and energy to its founding members. The founding members are separate electric cooperative corporations (distribution cooperatives) supplying retail electricity directly to residents, farms, and businesses in rural western Oklahoma. Since WFEC's founding, other distribution coops, and the United States Air Force at Altus Air Force Base, have become members of WFEC. WFEC is owned by its members, and is managed through the oversight of a board of trustees with one trustee supplied from each member.

2. Rocky Ridge Wind Project, LLC (RRWP) is the owner of the Rocky Ridge wind project. The RECs which form the basis of this action were produced from this wind project. WFEC has a purchase agreement with RRWP to purchase the output of said wind farm project.

3. Sterling Planet's *Notice* indicates that these parties will receive subpoenas which WFEC seeks to quash or modify in this motion. The subpoenas will seek, the tax returns and virtually all the financial documents of these non-parties along with other information unlikely to lead to relevant information.

4. WFEC has alleged that Sterling Planet failed to tender payment to WFEC under the terms of, and pursuant to, a Renewable Energy Certificate Purchase Agreement which is the basis of this action.

5. Sterling Planet made the counter claims asserting: (1) Breach of Contract; (2) Breach of Confidentiality; and (3) Over Charge On Account. As part of its breach of

contract claim, Sterling Planet alleges "Plaintiff breached the alleged agreement by either selling, marketing or otherwise such attributes were claimed by a third party, defrauding the Defendant." Additionally, Sterling Planet has raised Affirmative Defenses with the same allegation "[t]hat Plaintiff breached the alleged agreement by either selling, marketing or otherwise such attributes were claimed by a third party, defrauding the Defendant."

9. Sterling Planet has not alleged that it failed to receive anything agreed to pursuant to the contract.

10. On August 4, 2016, Defendant Sterling Planet filed its *Notice of Fed. R. Civ. P.45 Subpoena for Documents* [Doc. #34] relating to subpoenas for twenty-three of Plaintiff's non-party member/owners, and RRWP. The subpoena calls for an August 29, 2016 response date. Upon information and belief, service of the Subpoenas started the week of August 15, 2016.

11. These subpoenas seek the production of eight items, the final two of which Western Farmers believes were included solely as vexatious and unduly burdensome on the non-parties to this litigation:

1. All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" associated with or Related to the Sale of "Renewable Energy Certificates" or "Rec Purchase" by Western Farmers Electric Cooperative as Purchased by Sterling Planet, Inc. between April 1, 2013, and December 31, 2014.

2. All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" associated with or related to the Sale of any "Renewable Energy Certificates" or "Rec Purchase" by Western Farmers Electric Cooperative to any Purchaser, between April 1, 2013, and December 31, 2014.

3

3. *All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" associated with or Related to the Purchase of any "Renewable Energy Certificates" or "Rec Purchase" by you or any Cooperative Member as listed on Exhibit B, between April 1, 2013, and December 31, 2014.*

4. *All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" associated with or Related to the Sale of any "Renewable Energy Certificates" or "Rec Purchase" by Western Farmers Electric Cooperative to any Purchaser, between December 31, 2014, and Present.*

5. *All "Writing(s)" "Document(s)" "Record(s)(ing)", Communication(s)"" Electronic Information" associated with or Related to the Sale of any "Renewable Energy Certificates" or "Rec Purchase" by you or any Cooperative Member as listed on Exhibit B, between April 1, 2013, and December 31, 2014.*

6. *All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" associated with or Related to the Advertising or Marketing of any "Renewable Energy Certificates "by Western Farmers Electric Cooperative, and or you, and or any Cooperative Member as Listed on Exhibit B, between April 1, 2013, and December 31, 2014.*

7. *All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" Associated with or Related to your Tax Returns.  For the Years 2013, 2014, 2015, and 2016. Including IRS Form 3800, or Form 8835*

8. *All "Writing(s)" "Document(s)" "Record(s)(ing)", "Communication(s)"" Electronic Information" Associated with or Related to your all Financial Statements, Annual Reports, SEC Filings, for the Years 2013, 2014, 2015, and 2016.*

12. Through previous pleadings and discovery responses filed by Defendant, it is unclear as to the relevancy of any of the items sought by the subpoena.  This litigation is a straight forward breach of contract case between the Plaintiff and Defendant and it should not entail burdening WFEC's members and a business entity that are not parties to this case.

## ARGUMENT AND AUTHORITY

A. **WFEC HAS STANDING TO OBECT TO THE TWENTY – THREE NON-PARTY SUBPOENAS**

WFEC has standing to quash or modify the non-party subpoenas due to its relationship with the subpoenaed parties: its members who own WFEC and an operator of a wind farm project with whom WFEC does business with.  "A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed <u>except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena</u>." *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995). (emphasis added).  A party has the right to move to quash a subpoena if a party has a personal right to be protected.  *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)

WFEC is owned by its members, the non-parties who have received the subpoenas.  Rocky Ridge Wind Project, LLC is an important business party with WFEC, selling a portion of the power and energy WFEC supplies throughout Oklahoma and contiguous states. Sterling Planet is infringing upon the personal rights of WFEC by imposing an undue burden upon WFEC's business relations with its members and a business entity by attempting to require them to respond to a subpoena. The information is not sought for the purpose of trying to show Sterling Planet's contractual compliance or the failure of WFEC in honoring the contract.

WFEC issued an interrogatory to Sterling Planet simply requesting Sterling Planet to provide whatever facts exist to show that a third party is relevant to this action.

Sterling Planet failed to do so through a generic and irresponsive answer as follows: "Defendant states that its responses and allegations contained in the Answer to Amended Complaint and Counterclaims are well plead (sic) and as such are self-explanatory…" Until Sterling Planet provides the nexus of why these twenty-three non parties are relevant to this matter, these members of WFEC should not be harassed. Accordingly, WFEC has a personal right which is being infringed upon, establishing WFEC's standing to quash the Sterling Planet Subpoenas.

### B.   THE SUBPOENAES ISSUED ARE UNDULY BURDENSOME SINCE IT BEARS NO RELEVANCE TO THE CLAIMS MADE BY THE PARTIES IN THE CASE

The Federal Rules of Civil Procedure provide that "**(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: …**(iv) subjects a person to undue burden.**" Fed. R. Civ. P. 45 - (3) (A). (emphasis added). As an alternative, the rules provide that "...the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45 - (3) (C).

The Rules and Commentary to the Federal Rules of Civil Procedure provide further guidance regarding Rule 45. "The court *must* quash or modify a subpoena that subjects a person to undue burden. The notion of protecting nonparties from undue burden in complying with subpoenas is central to Rule 45. As discussed earlier, Rule

45(d)(1) imposes on the parties an affirmative duty to avoid imposing undue burden or expense on a person subject to a subpoena. In part, this reflects the policy choice of balancing the need for obtaining information from nonparties with the burden imposed on persons who are outsiders to the litigation. It also reflects the fact that lawyers generally serve subpoenas directly, without going through the court. Accordingly, courts are particularly sensitive to protecting nonparties from undue burden. That being said, it is also probably true that courts have become somewhat desensitized to claims of undue burden, since such claims are common and often not well-founded or poorly-substantiated. For that reason, persons who object on the basis of undue burden may not rely on a generalized assertion but instead must make a particularized showing of what the burden is and why it is undue. The burden is greater when the person is seeking to avoid compliance altogether, as opposed to modification or recoupment of costs."

Further, "[t]o determine whether a subpoena is unduly burdensome, courts balance a number of factors including the relevance of the information, the need for the information, and the burden that would be imposed. In cases where the information can also be obtained from a party, courts may take special care not to burden the nonparty. To alleviate the financial burden of production, the court may shift some or all of the costs of production or may take other steps to lessen the cost of compliance." Rule45.Subpoena, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 45.

This matter is a breach of contract case between two contracting parties: WFEC AND Sterling Planet. No one else. The issues are between the parties. Defendant is

intending to harass the members of WFEC; the information Defendant seeks to obtain has nothing to do with the contract.

## CONCLUSION

Sterling Planet has a right to defend itself but not at the cost to unnecessarily burden parties not relevant, nor part, to this action.  Had Sterling Planet identified in its discovery responses the nexus between this claim and the twenty-three parties subpoenaed, the subpoena may be righteous, but Defendant chose not to do so.  WFEC can only infer that this is because there is no nexus.

WHEREFORE, Plaintiff, Western Farmers Electric Cooperative, respectfully moves for an order (1) quashing the subpoenas issued to the 23 non-parties as they are unduly burdensome, vexatious, and not relevant to this action; or (2) modifying the subpoenas issued to exclude items 7 and 8 on Exhibit A attached to the subpoena [Doc. #34].

>Respectfully submitted,
>
>s/ *Stephen L. McCaleb*
>Stephen L. McCaleb, OBA No. 15649
>J. Eric Turner, OBA No. 10502
>DERRYBERRY & NAIFEH, LLP
>4800 North Lincoln Boulevard
>Oklahoma City, OK 73105
>Telephone:  (405) 528-6569
>Facsimile:   (405) 528-6462
>smccaleb@derryberrylaw.com
>eturner@derryberrylaw.com
>***ATTORNEYS FOR PLAINTIFF WESTERN FARMERS ELECTRIC COOPERATIVE***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2016, I electronically transmitted the Plaintiff's Motion to Quash the Twenty-Three Subpoenas of Defendant, Sterling Planet, Inc., Issued to Plaintiff's Clients/Members using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Bruce A. Spence, bspence@spencelawok.com.

                                     s/ *Stephen L. McCaleb*
                                     Stephen L. McCaleb